All right, I believe we're ready. Counsel, you may proceed. Good morning, Your Honor. My name is Serge Soni. I represent the appellant, Cotappaxi Custom Design and Manufacturing. Your Honor, this case was decided on a 12b6 motion under which the court should have limited its consideration to the pleadings and to the question of whether the pleadings sufficiently identified a cause of action. What Corporate Edge sought and asked the court to do was to go beyond that limited requirement under a 12b6 motion and to make a determination that the accused product simply did not infringe the patent. In order for that to happen, the court needed before it a sufficient record from which it could construe the claims. Thereupon, compare the accused product with the patented claimed items and apply both the ordinary observer test and the points of novelty test. I have a question with respect to the complaint. Yes, Your Honor. The complaint, paragraph 20, attaches Exhibits C and D as photographs of defendants' infringing patents. Correct. Now, of course, in the three counts that are set forth, the first count is the infringement of the 951 patent, the second count infringement of the 556 patent, and the third count inducement of infringement. Those three counts, of course, incorporate, I reference all of the preceding paragraphs, but the actual counts themselves, looking, for example, in paragraph 26, use the sort of typical notice pleading broad language that defendants have infringed by making, using, importing, et cetera, hence infringing plaintiff's patents, not necessarily restricted to those two Exhibits C and D. Correct. The complaint, was it your intent that the complaint cover just those two pens or, broadly, other pens that may infringe with C and D simply being exemplary? The latter. And what is it that suggests that that's the case? It does say in paragraph 20, attached are Exhibits C and D are photographs of defendants' infringing pens. That's correct. The attachment of exhibits of the accused products was illustrative, not evidentiary. There is no supporting declaration there. None of the precepts for admissible evidence are established. All that this says is we believe the defendant has committed acts of infringement. Here are illustrative examples. There may be others. We don't know. Discovery has not begun. But this is what we know as of today. Well, you don't get to, do you, accuse in a complaint a defendant of, with no evidence or information or belief on the part of the attorney, infringing something about which you have no information. Correct? That is correct. I mean, that would be a Rule 11 problem. Absolutely. So, unless you had in mind pens, or tell me, what pens other than this did you have in mind? Because, clearly, you must have done, if you're asserting a complaint that is broader than against these two, you must have done a reasonable investigation to satisfy you that there are other products of theirs which infringe or you'd be in Rule 11 trouble. So, what are the other products and what did you do to verify? At the time of the filing of the complaint, the only products we were aware of that we believed infringed were those that were illustrated in the exhibits. However, we wanted to and were entitled to, under Rule 8, state a plain and simple statement of infringement without even having included the exhibits. That would have been sufficient under a pleading standard. We wanted to reserve the opportunity to assert infringement as to any other products that discovery may yield or determine were also potentially infringing. You have to understand that these companies are in the promotional products industries. Their business is to produce, in this case, pens for use by their customers for imprinting names, logos, and the like and for distribution free to promote those customers' businesses in whatever manner. Corporate Edge had approached Novartis and obtained an order, forcing our client out of that relationship, for this pen. Corporate Edge could just as easily have made those offers to other customers. The iterations of pens made to other customers were yet unknown. It was clear they were producing a product and had sold it to Novartis. The complaint is not permitted to be a fishing expedition. No, it isn't. And so the complaint focuses only on these two pens and you seem to be candidly admitting that you're not even now aware of any other specific pens, but that there may well be such items. That is correct. So why then would we construe the complaint as covering anything but those two pens? Because a complaint as framed under Rule 8 merely needs to state an allegation on the good faith and belief that there is an act of infringement. What is your good faith and belief that they have other products that infringe these patents? At this point, since we've never had any discovery, we don't have any basis for any other claims on infringement. So you think that Rule 8 allows you to make an assertion on good faith and belief, but then you just admitted you have no good faith and belief yet. What is the good faith and belief that would suggest that they are, in fact, selling other products that may infringe? Since you're claiming that your complaint is broad enough to be construed that way. If I might, that's two questions. I think one is what does Rule 8 permit a claimant to assert? And two is, in this particular case, did we have any other basis for a claim of infringement other than these two particular items? And the answer to the second, first, is we did not, and to this day, do not have a basis for asserting a claim of infringement beyond those two particular items. I'm being very candid with the court. Aside from the nuisance to your client, there's no fatal injury. I mean, if you discover that your adversary is making, using, and or selling more pens, right, file another complaint. We could file another complaint. I mean, I'm concerned about whether or not the error, if there is error, is really harmful to you. We certainly would have the option of filing another complaint. We could also, if the first complaint is pending, seek to amend to assert the additional items. Or if the original claims of and allegations of the complaint are broad enough, at least stated, that would be sufficient for them to pass. After the district court did to you what it did on 12B decision, did you come back to the district court with a writing saying, hey, your honor, you misunderstood our complaint? Under Rule 8, we were trying to reach more than Exhibit C and D. No, we did not. And as I said, we don't have a current basis for asserting anything beyond C and D. What we do have is a problem in the manner in which the court addressed the Rule 12B6 motion and what it did with it. It had before it the teachings of this court. It even articulated correctly some of those teachings. In a design patent case, I believe there are some examples in our literature, in our case law, and other district courts have done it. The district court judge takes the design, which has a drawing, and the scope of a design patent is pretty much the drawing, as you know. And then the district court takes either the physical embodiment or a picture of the physical embodiment that's alleged to infringe, and he says, I'm strapping on my Gorham glasses and I'm going to look to see if there are differences between these two. Well, that's only partly correct. I think the first phase requires more than just looking at the drawings. In fact, this court has taught in Armenech very recently, and prior to that in Bernhardt and other cases, that when you look at the design, you must look at it not just standing alone, but in the context of prior art. You review the file history, you identify the points of novelty, because it is only the points of novelty that I'm talking about. Well, as you know, this trial judge said, I don't even need to worry about the points of novelty. Well, he said, as I understood our trial judge, he did some talking about points of novelty, but he said, my ruling here is in two pieces. One is that the Gorham test isn't satisfied. An ordinary observer wouldn't be confused, period. So it seems to me that you have to convince us that the district court was wrong in what I'm calling the Gorham test decision. Because I don't need to look at the prior art to, if I'm not interested in points of novelty, I don't have to look at the prior art, I don't think, do I? I believe you do. Why? Armenech tells us you do. Armenech says that the first requirement in a design patent case is to perform a claim construction. And it says explicitly, and if I may read the words, it says, and it says it disapproves a claim construction that, quote, fails to encompass the claimed ornamental features of the design as a whole. Or, quote, goes beyond the novel non-functional ornamental features represented in the claim design. But any examination of prior art would, if anything, diminish or reduce the scope of compelling the fact that even without those constraints, the claim was not infringed. So what difference does it make? Well, even if you take that view that the court was giving us the benefit of the doubt that the entire design is the protected design rather than some subset based on a construction, it still did not articulate what the design was. It didn't describe it. It didn't make reference to the drawings. It simply referenced features of the design. It talked about the grip. It talked about the clip. But it didn't talk about the design as a whole. It didn't have in mind a discussion or an analysis of the claim design as a whole with respect to the accused product as a whole. It didn't have the accused product before it. The court, I mean, there's no requirement for some articulated discussion. The court certainly looked at the drawings, looked at the patent, looked at the exhibits that were attached to the complaint, and concluded that there is no set of factual assertions or allegations that could leave this court defined for plaintiff, which sounds to me like it's entirely consistent with the Twombly case, for example. Well, Armanek tells us it's not enough and it's wrong for a district court judge to place himself as a super-juror making a decision as to a question of fact when he hasn't identified who the ordinary observer is. He simply presumed that he is the ordinary observer when there is no articulation as to what the protected invention is, when there is no comparison of the invention as a whole against the accused product as a whole, when the accused product isn't before the court, when Armanek says that you must do a comparison of all faces, all views of the claimed invention against the accused product. The court couldn't have done that. It didn't do that. It's clear from its opinion it didn't do it. What we have is a summary conclusion that says, I know it when I see it and it ain't here. And that's not enough. Would you like to reserve the balance of your time? You're into your rebuttal. I would. Thank you. Buckingham, good morning. Good morning, Your Honors. May it please the court, Stephen Buckingham from Lowenstein-Sandler representing Applebee's Corporate Edge, Scott Levy, and Robin Salter. I believe that the district court's decision was correct. I think that this court has demonstrated in countless precedents that the issue of design patent infringement can be decided by a comparison of drawings to accurate, undisputed representations of the accused product. Can that be done on a 12B6? I mean, if this were a 56, a Rule 56, I think that you'd be in better standing. But a 12B6 is kind of tough. Well, Your Honor, the court can affirm on either ground. As you know, although we did raise Rule 56, it's fully briefed. But the court did not decide the case on Rule 56. It decided it under 12B6. That's true, but standard appellate practice, as represented in this court's precedents as well as pretty much every other court of appeals, is that a court of appeals reviewing a judgment can affirm on any ground that was properly raised below whether or not the district court below reached that ground. But counsel, we couldn't affirm on 56, because contrary to your brief, when I looked in the record, I discovered that they had in fact asked under 56F for discovery, if the court were going to approach this as a summary judgment. And there's no determination about that. And as I understand the precedent from the relevant circuit, when a motion like that has been made, the court can't simply rule on 56 absent addressing whether there is or is not a need for that discovery. That's correct. And I believe Your Honors will agree with me that Third Circuit law controls on that procedural issue. It's not an issue that has anything to do with patent law. The Third Circuit cases we've cited in our brief are very clear. It's not enough to say in a brief, I need some discovery. You have to file an affidavit pursuant to Rule 56G. You have to explain what you need. You have to explain why you don't have it. And you have to explain why you expect that the defendant will have it in order to get further discovery. That was not done here. But it seems to me if we find that the district court's actions were improper in ruling under 12B6, because there was a determination of factual issues of some sort, we would be, if we were to rule on the basis of Rule 56, we would be substituting our own factual determinations. It seems to me that's appropriate for the district court to do in the first instance and to do it in the context of Rule 56, not in the context of Rule 12B6. But Rule 56 is decided as a matter of law. It's not a factual finding that the district judge would make. Of course, but you have to find the absence of a genuine issue of material fact. Right, which is a pure issue of law that this court can review de novo and decide for itself whether there's a disputed issue of fact in this record that was presented on that appeal below. Well, the ultimate question of infringement is a factual question. Right, and this court... And the only legal issue here is the scope of the claim. The legal issue is whether any reasonable jury could possibly find infringement based on comparing these design patent drawings to the accused infringing pens. And this court has, in numerous cases, affirmed summary judgments saying... Isn't that what this case is all about? Because the answer is going to be the same whether it's on 12B6 or 56. That's right. If we think there is some issue of material fact that needs to be resolved in order to answer the infringement question, then it was wrong to do 12B6 and it would have been wrong to do 56. That's correct, Your Honors. And so the threshold issue for the court is whether you agree with the district court below and with the appellees that no reasonable jury could find infringement by comparing these design drawings to the accused products. But I'd like to get back to Rule 12B6. And I don't think that there's really any difference between a Rule 56 analysis and a Rule 12B6 analysis in the context of a design patent case, especially here where you have the photos attached to the complaint. And the analysis, as this court has always applied it, is to compare the drawings to the undisputed representations... of the two exhibits, C and D, are truthful, accurate, and complete representations of the accused product? Well, I would like to... Grant, can you answer that? Yes or no? Is there a concession from the other side that said, I agree with you that those two exhibits are faithful, true? I mean, if I had the pen itself, I wouldn't... I would consider the picture exactly a copy of the pen? Well, it only shows one angle. And as you know, in the design infringement analysis, you need to view all angles of the design patent drawing and all angles of the accused pens. But the point I want to make about Rule 12B6 is... Wouldn't that suggest that it would be hard for me to say that no readable juror could possibly conclude that the two accused pens don't infringe? Based solely on those two photographs? It's a picture, right? Exhibits C and D. Exhibits C and D, I would concede to the court that if that were the only evidence in the record, that that one angle probably wouldn't be enough. But that's the evidence that the court relied on. Well, I think there's a dispute between the parties on that because if you look at footnote 5 at page 11 of the district court's opinion, which is appended to the back of the appellant's brief, the district court said in its opposition, plaintiff submits photographs of defendant's pens. Plaintiff argues that these photographs support the infringement claim based on the point of novelty test. This court disagrees. In any event, the matter is moved because plaintiff fails to meet the ordinary observer test. This court reviewed the photographs and nothing in the photographs or the retort by defendants reflect that infringement occurred. And under Third Circuit precedent, you're allowed to use undisputed representations of an original document or thing that are in the record. And in this case, this is no different than if they had been suing us for breach of contract and they said, and they didn't attach the complaint, the standard for 12B6 under Third Circuit says, well, you can't avoid getting thrown out on 12B6 simply because you refused to attach a copy of the contract to the complaint. Yeah, but looking at the text and not the footnote, the court says the comparison of plaintiff's patented designs with the L pen and F pen was limited to the review of photographs shown in exhibits A, B, C, and D of the complaint. But that's in the context of a paragraph where he's talking about a point of novelty examination. He says, even though this court believes that the point of novelty test further substantiates, the court shall refrain, et cetera, and did a comparison based on just the photos in the complaint when it was talking about point of novelty. But in the footnote, it makes clear that under the ordinary observer test, the court reviewed all of the photographs. And it's no different attaching a copy of a contract to a 12B6 motion than it is attaching a copy or a representation or reproduction by photograph of an accused product. The claim is based on these pens. And they can't evade early scrutiny of a case and get into discovery simply by not attaching a photograph. If they hadn't attached photographs to this case and we'd put these photographs into the record and they didn't dispute that those were the only pens in issue, which he's conceded today, the court would be entitled to review and rely on those photographs because they're undisputed authentic documents that represent the accused product. And there's no reason to allow this case to go forward into expensive discovery simply because by letting them not attach photographs to a complaint. That would be too simple. Would you agree that prior to Twombly and Phillips and other cases, that 12B6 would not have been an appropriate vehicle for doing what the district court judge did in this case? No, Your Honor. I would not agree with that. Because Twombly says it did not change the standard for 12B6. It kind of clarified that courts shouldn't go overboard and bending over backwards to find a way not to throw out a case. It simply clarified that if there's no reasonable basis in the complaint, then the case can be dismissed on 12B6. The Third Circuit precedent that we cited for the proposition that you can attach authentic, non-disputed representations of the object or document that's the basis of the claim predate Twombly by many years. It's not a new propositional law. I could have sworn I remember from your brief that you actually said that Twombly changed the law, but I'm mistaken. Well, what I said, Your Honor, and I'm not sure if I get the exact words, but I view Twombly as a signal. Sometimes the Supreme Court sends messages to the lower courts. And I think they were sending a message to the lower courts saying, we're not changing the 12B6 standard. There's a little bit of confusion because of one statement in Conley v. Gibbs. And we want to clarify that the courts shouldn't go overboard in viewing that statement. So we're not changing the standard. But the court clearly was sending a message saying parties should not be allowed to use the interim effect of full-blown discovery to coerce settlements when there's no basis for the complaint. You have to allege facts that state a cause of action. And if you don't state a plausible cause of action, right at the outset, the court has the power to throw it out and not require the defending party to spend hundreds of thousands or millions of dollars engaging in wasteful, unnecessary discovery. And a design patent case couldn't be a better vehicle for that kind of analysis because ultimately, on a summary judgment motion, the court is going to view the photos and the design drawings. And the court can do that right at the outset. If it's a close case, the court has to deny the motion. If it's not a close case, there's no point in letting the case go forward. In this case, as I noted earlier, there is a reference in paragraph 20 to the attached exhibits C and D. And then the accounts are set forth in typical notice pleading style. If the reference in paragraph 20 to the exhibits were not there, if it was simply notice pleading, and I realize that's a hypothetical question, but would that, in your mind, be consistent with Twombly? Is it enough after Twombly simply to say we allege that the defendants are making, using, and selling, et cetera, pens that infringe? Well, actually, the way the Second Circuit has handled the Twombly issue I find very interesting. They basically say it would not be enough after Twombly, but what they say is that if the party can allege more specific facts, it's really a question to be dealt with as a motion for a more specific statement. And it requires, and it's obviously not patent cases, but they require the parties, if the cause of action is stated so vaguely as your Honor suggested, hypothetical, that it would be within the power of a district court to grant a motion for a more specific statement to make the plaintiff identify what the accused infringing products are. At a minimum, there has to be one. Judge Moore, as you rightfully questioned my adversary, there has to be at least one accused infringing product that you're aware of, and you must be able to identify it without violating Rule 11. So it would be within the power of a district court to deny the 12B6 motion, if the plaintiff is really vague, and give the plaintiff at least one chance to amend the complaint to identify as many as you can. My hypothetical basically tracks the model form complaint for patent infringement of the federal rules. Are you suggesting that that model is no longer a valid model following Twombly? I think Twombly might have, it wasn't Twombly, it was another case that actually dealt with that issue, not with respect to the model patent claim, but with respect to another model form, which were adopted, I think, back in the 1950s, if I'm not mistaken. If you're talking about the model form, that's part of the Federal Rules of Civil Procedure. Correct. They may well be out of date. I mean, those are not binding as a matter of law. You would think that you could rely on, but maybe it's time for them to be updated. If your honors have no further questions. I will assume, just to follow along this sort of interesting issue, assume that someone filed a complaint in which they said, I have a design patent, oh, oh, oh, whatever, and Clevenger's infringing my design patent, and I want damages, and I want an injunction, period. And so Clevenger comes in and says, dismiss that for failure of state of claim. They haven't identified, they haven't, they're just a bald allegation. Why would the district court even have to give the plaintiff a chance to amend? The standard under Rule 12b-6 is, certainly in the Third Circuit, I believe in most circuits, is that you do give the plaintiff, usually, an opportunity to amend the complaint if their allegations are deficient. In this case, that would be necessary. In Rule 11, sort of a nasty defendant would come in with Rule 11 and say, say up quick and have a chance to recover yourself under Rule 11, and also inform me. Right. Rule 11's lost a lot of its teeth about 10, 15 years ago, because now you have to propose a motion and whatnot, and give your adversary an opportunity. But theoretically, a court could deal with it that way as well. But in this case, there would be no need, there's nothing that could be amended. The plaintiffs have conceded there's only two accused products, and that those products are depicted, and actually they submitted drawings, photos to the court. There's nothing they could do to amend their complaint with respect to these two pen designs that would change the outcome that could affect the pleading. It's defective, not because they don't plead the magic words that we infringe. Those are just conclusory legal allegations, but because it's clear what the patent drawings are, and it's clear what the accused product is, and as a matter of law, no reasonable jury could find under any set of circumstances that there's infringement. Thank you very much. Thank you.  Thank you. Great. Dr. Ricardo? Even assuming, as Your Honor has suggested, that there is no need for a claim construction without a full weight is given to the full scope of the drawings as all protected, even in that circumstance, a trial court, a district court, that's considering the Gorham test nevertheless still must find who the ordinary observer is, and apply the test through the eyes of that ordinary observer. In this particular case, and counsel concedes that the exhibit C and D, which are the only exhibits, that and the complaint, are the only documents that the judge said he relied upon in making his conclusion, and my opponent concedes that those were incomplete representations of the accused product. At the very least, the judge could have called for or asked for the accused product to be What we have is a record that shows that there is no articulation, determination of who the ordinary observer is or should be. And the court was aware that that is a sensitive issue. It's extensively addressed in the cases that were cited to the court. No discussion. We know that he attempted to identify specific features that were distinguishable between the two products. What he failed to do was to identify features that were similar and do the ultimate and correct analysis. And the correct analysis is whether the similar features create an appearance and a visual perception of substantial similarity. Instead, what he said is there are differences and they can't be the same. Without applying the eyeglasses of the ordinary observer in the correct case, and he did it and he didn't give us a chance to even amend. This motion should have been denied for the first and most important reason that the moving party failed to put before the court the file history in its moving papers. They brought it in at a reply. The court should have conducted a construction. That would have allowed it to determine what are the protected scope and what are the range of equivalents that are permitted. The court simply said the grip is different. But is the grip different enough to avoid equivalents? There is no basis for the court to have reached that conclusion. There is no analysis by the court as to equivalents. And there is no analysis or discussion of the overall appearance or impression created. Thank you very much. The time has expired. I thank both counsel. The case is submitted.